TAMA COUNTY, Appellant, v. R. P. KEPLER, Administrator, Appellee.

**EXECUTORS AND ADMINISTRATORS:** Allowance and Payment
1  of Claims—Pension Money. Pension money paid by the United States government to the guardian of an insane pensioner, under Sec. 9015, U. S. Compiled Statutes, did not, upon the pensioner's death, become a part of the assets of his estate, and was not liable for the payment of the debts of his said estate.

**PAUPERS:** Soldiers—Nonacquiescence in Poorhouse Relief. The
2  county is not authorized to send an old soldier to the poorhouse if he prefers to be given other relief, as provided by Secs. 2230, 2231, Code Supp., 1913, and it cannot recover, after his death, for expenses in maintaining him at a poorhouse, in absence of evidence that he did not prefer to be given such other relief, or that he was incompetent to express intelligent preference, or that it was impossible to maintain him other than at the poorhouse, the burden being on the county to show that the expense was incurred legitimately.

*Appeal from Tama District Court.*—JAMES W. WILLETT, Judge.

SEPTEMBER 22, 1919.

THE opinion states the material facts and the nature of the issues tried.—*Affirmed.*

*H. J. Ferguson,* for appellant.

*R. P. Kepler,* for appellee.

PER CURIAM.—This is an action at law, to recover upon a claim made by Tama County against the estate of Philip Heak, deceased, for expenses incurred in maintaining said Heak in his lifetime at the county poorhouse.

The answer admits that the deceased was a resident of Tama County, who was committed to the state hospital at Independence, Iowa, and that the expense of his support at that institution from the year 1891 to the year 1895 was paid by said county, and that, from the year 1895 to his death, on March 18, 1915, he was kept and maintained by the county at the county home; but denies that the expense so incurred or paid is properly chargeable against the deceased or against his estate. It is further alleged that deceased was an honorably discharged soldier of the United States, having served in that capacity during the War of the Rebellion; that, as such veteran soldier, he was granted a pension from the United States; and that the only property or estate left by said deceased and coming into the hands of his guardian and administrator is the money so received as pension, which is not liable to be subjected to the payment of the plaintiff's claim. The defendant also pleads the statute of limitations, as against so much of the claim as accrued more than five years prior to the death of the intestate.

The issues were tried and submitted upon an agreed statement, reading as follows:

"Agreed Statement of Facts.

"It is agreed by the parties hereto that the within agreed statement of facts shall constitute and be taken as the facts of this case:

"That on September 5, 1891, Philip Heak, who was then a resident of Tama County, Iowa, was adjudged insane by the insane commissioners of said county, and ordered committed to the insane hospital at Independence, Iowa, where he was confined continuously until the 20th day of May, 1895, on which date he was removed to the county home of Tama County, Iowa, where he was continuously confined until the 17th day of March, 1915, the date of his death; that Exhibit A of plaintiff's petition is a correct statement of account of the moneys paid by Tama County for the care and keep of the said Philip Heak while confined as above related; and further, that there was paid to said Tama County for such care and keep the sum of $727.80, which amount paid for all the expense of care and keep at Independence, Iowa, and a part of the expense for care and keep in Tama County; that, all of the time from September 5, 1891, to March 17, 1915, the said Philip Heak was an insane person; that, on the 17th day of March, 1915, at the county home in Tama County, Iowa, the said Philip Heak died intestate, leaving no surviving spouse nor any direct heirs, but survived by nieces and nephews only; and that, on the 19th day of March, 1915, R. P. Kepler, the defendant in this cause, was appointed by the district court of Tama County, Iowa, administrator of the estate of said Philip Heak, deceased, and has been and is now the duly qualified and acting administrator of said estate; that the said Philip Heak was a citizen of Tama County, Iowa, and the United States, residing in said Tama County, Iowa, at the time he was adjudged insane, in 1891, and was a legal resident of the said county continuously thereafter until his death; and that, at the time of his death, and during the time of his confinement at the county home of Tama County, Iowa, the only money had by said Philip Heak, or held for him by his duly qualified and acting guardian, or by the administrator of his

estate, is money received by the said Philip Heak as a pension from the United States government for services as a soldier of the War of the Rebellion of the United States of America; that the net accretions of said pension money held by defendant administrator is the sum of $300; that said defendant administrator has no other thing of value nor any other kind of property whatsoever in his hands, or having come into his possession as such administrator, belonging to the estate of the said Philip Heak; that the itemized bill set out at Exhibit A to plaintiff's petition was filed as a charge against said estate with the clerk of the district court of Tama County, Iowa, on the 19th day of March, 1915."

A jury being waived, the court, upon consideration of the agreed facts, found for the defendant, and entered judgment against plaintiff for costs. The plaintiff appeals.

Counsel for appellant has argued the following propositions:

1. That the statute of limitations has no application to the claim sued upon, because such claim is in the nature of an open, continuous account made of a series of items covering the entire period of the confinement of the deceased as an insane patient. Our opinion that the judgment of the trial court may properly be affirmed on other grounds makes it unnecessary for us to rule upon this contention, and we pass it without discussion.

2. That accretions of pension money are not exempt from the payment of the deceased pensioner's debts. Some of the cases cited to this point were decided under the terms of statutes not identical with those now in force, while the other cases relate, not to pension money preserved or kept in kind, but to the proceeds, accumulations, or profits obtained by the use or investment of pension money. To what extent, if at all, such proceeds, accumulations, or

profits may be subjected to the payment of

1. EXECUTORS AND
ADMINISTRATORS:
allowance and
payment of
claims: pension
money.

a deceased pensioner's debts is a question in which the authorities are not in harmony, and the disposition of this appeal does not require us to attempt any statement of the better rule. In this case it appears that the insane person was under guardianship, and that the moneys or funds which the plaintiff seeks to subject to the payment of its claim were never delivered to the pensioner, but were paid over to his guardian, and so far as appears, remained in his hands to the end of the pensioner's life. It is the settled law of the United States and of this state that the guardian in such case "is nothing more than an agent for the government, and that pension money in his hands is still under its control and management." *Manning v. Spry,* 121 Iowa 191, 198; *United States v. Hall,* 98 U. S. 343 (25 L. Ed. 180). In the *Spry* case, we recognized also the ruling of the pension department that "pension funds in the hands of a guardian, which have not been paid to the pensioner or expended in his behalf * * * are in the nature of an accrued pension, and do not pass to his representatives upon his death." See, also, United States Compiled Statutes of 1901, page 3257, where it is provided that accrued pensions "shall not be considered part of the assets of the estate of such deceased person, nor be liable for the payment of the debts of said estate in any case whatsoever."

These authorities make it clear that this pension fund, which, concededly, had never reached the hands of the deceased, became no part of his estate, and his creditors have no standing in court to require its subjection to the payment of their claims.

There is still another aspect of the case which seems to forbid plaintiff's recovery. By the itemized bill accompanying the agreed statement, it appears that the plaintiff's

claim for expenses paid to the state hos-
2. PAUPERS: sol- pital for the insane were fully paid by the
diers: non-
acquiescence in deceased, or by someone in his behalf, and
poorhouse re-
lief. that the compensation sought to be recover-
ed is for the care and keeping of the insane
person at the county poorhouse at the rate of $2.00 per
week.  By the statute, Code Sections 2230 and 2231, it is
provided that poor persons requiring relief may be given
aid by the county outside the poorhouse to the extent of
$2.00 per week, and that no person who has served in the
army or navy shall be committed to the poorhouse when
they can and prefer to be relieved to the extent above speci-
fied.  Now, it is conceded that the deceased was an old sol-
dier, and, aside from his pension, was destitute.  The coun-
ty had no authority to send him to the poorhouse, if he
could and preferred to be otherwise relieved, to the extent
above indicated.  The agreed statement contains no infor-
mation whatever on this point, except that, in the year
1895, deceased was removed to or confined in the county
poorhouse, where he remained the rest of his life.  There
is no showing as to his condition, except that he was in-
sane, or whether it was possible or practicable to have
maintained him elsewhere than in the poorhouse, or the
necessary cost or expense of such maintenance, nor is the
matter of his preference anywhere alluded to.  If insane,
he was perhaps incompetent to express any intelligent pref-
erence; but there is no express evidence of the degree of
his incompetency.

It may well be that his condition was such as to forbid
the attempt to give him care and support elsewhere, ex-
cept at an expense materially in excess of the limit fixed
by the statute, but the case should not be left to rest upon
conjecture.  The plaintiff had the burden to show that the
expense was incurred legitimately.  The soldier is dead,
and in life he was handicapped by mental infirmity.  Mere

proof that he was confined in the poorhouse is not sufficient to make a prima-facie case against his administrator. It may further be said that, while defendant admits that plaintiff's claim has not been paid, there is no concession in pleading or in stipulation that such claim is just or correct, nor is there any proof of the reasonable or fair value of the care or support alleged to have been given to the deceased.

The trial court did not err in refusing to allow the claim, and its judgment is—*Affirmed.*

LADD, C. J., WEAVER, GAYNOR and STEVENS, JJ., concur.